UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES E.,

                Plaintiff,                     **DECISION AND ORDER**

       v.

                                           1:23-CV-00760 EAW

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

# INTRODUCTION

Represented by counsel, Plaintiff Charles E. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 7; Dkt. 8), and Plaintiff's reply (Dkt. 9). For the reasons discussed below, Plaintiff's motion (Dkt. 7) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion (Dkt. 8) is denied.

## BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on February 13, 2019. (Dkt. 5 at 126-27).¹ In his applications, Plaintiff alleged disability beginning June 1, 2015, due to prostate cancer, open heart surgery, type I thyroid cancer, blurred vision, anxiety, high cholesterol, and high blood pressure. (*Id.* at 103, 115). Plaintiff's applications were initially denied on May 21, 2019. (*Id.* at 163-82). A telephone hearing was held before administrative law judge ("ALJ") Seth I. Grossman on December 10, 2020. (*Id.* at 42-84). On January 20, 2021, the ALJ issued an unfavorable decision. (*Id.* at 18-35). Plaintiff requested Appeals Council review; his request was denied on September 8, 2021, making the ALJ's determination the Commissioner's final decision. (*Id.* at 7-12).

Plaintiff appealed his case to the United States District Court for the Western District of New York, and on September 16, 2022, the parties stipulated to remand the case to the Commissioner for further administrative proceedings. (Dkt. 6 at 428-29). On remand to the ALJ, the Appeals Council directed that the ALJ further consider the medical opinion evidence, including the opinion offered by consultative examiner Nikita Dave, M.D., that Plaintiff required frequent bathroom breaks. (*Id.* at 433). The ALJ held a video hearing on March 20, 2023. (*Id.* at 322-59). On April 7, 2023, the ALJ issued another unfavorable decision. (*Id.* at 298-313). This action followed.

---

¹  When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

**LEGAL STANDARD**

I. **District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

II. **Disability Determination**

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in

substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. §§ 404.1509, 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to

demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I.      The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on September 30, 2022. (Dkt. 6 at 304). At step one, the ALJ determined that Plaintiff was engaged in substantial gainful work activity since June 1, 2015, the alleged onset date, but there was a period where Plaintiff did not engage in substantial gainful activity for 12 months or more. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "diabetes, hypertension, sleep apnea, history of thyroid cancer, coronary artery disease, [and] prostate cancer status post prostatectomy with urinary frequency." (*Id.*). The ALJ further found that Plaintiff's medically determinable impairment of anxiety was non-severe. (*Id.* at 304-06).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 306). The ALJ particularly considered the criteria of Listings 4.04, 13.09, and 13.24 in

reaching his conclusion, as well as considering the effect of Plaintiff's obesity as required by Social Security Ruling ("SSR") 19-2p.  (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the additional limitation that Plaintiff "needs reasonable access to a bathroom."  (*Id.*).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  (*Id.* at 311).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of gate guard and patrol conductor.  (*Id.* at 311-12).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act.  (*Id.* at 312-13).

## II.     Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to remand this matter to the Commissioner for further administrative proceedings, arguing that the ALJ failed to follow the remand order, improperly evaluated the opinion evidence, and did not explain how he formulated Plaintiff's need for bathroom breaks.  (Dkt. 7-1 at 11, 14).  Specifically, Plaintiff argues: (1) the ALJ's failure to follow the remand order itself requires remand; (2) the ALJ failed to incorporate or failed to explain his failure to incorporate Dr. Dave's opinion regarding bathroom breaks, despite finding the opinion persuasive; and (3) the ALJ's error was harmful, since "frequent" bathroom breaks would result in work-preclusive off-task time.

(*Id*.).  In response, the Commissioner contends that the RFC finding for light work with reasonable access to a bathroom is supported by substantial evidence.  (Dkt. 8-1 at 17-26).

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  While an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision," *id*., an ALJ is not a medical professional, and therefore he "is not qualified to assess a claimant's RFC on the basis of bare medical findings," *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation and citation omitted).

However, at bottom, "[a]n RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (finding it was proper for the ALJ "pursuant to his statutory authority . . . [to] consider[ ] the medical and other evidence in the record in its totality to reach an RFC determination"); *see also Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) ("Where . . . the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." (quotations, citations, and alteration omitted)).

In arriving at the RFC, the ALJ's reasoning "must always be sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Gail F. v. Comm'r of Soc. Sec.*,

No. 21-CV-120-FPG, 2022 WL 17578465, at *4 (W.D.N.Y. Dec. 12, 2022) (quotations and citation omitted).

The Court turns to Plaintiff's first argument with respect to the Appeals Council's remand order. On remand, the Appeals Council found that "further consideration of the medical opinion evidence is necessary":

> In May of 2019, the claimant attended an internal medicine consultative examination with Nikita Dave, M.D. In his opinion, Dr. Dave noted "the claimant will require frequent restroom breaks in intervals". This opinion was found consistent and supported by the State Agency medical experts. In the decision, the Administrative Law Judge found all of these opinions persuasive; however, the residual functional capacity (RFC) did not include a limitation regarding "frequent" restroom breaks. Additionally, although the decision stated, "the claimant's urinary issues appeared to improve over the course of the record", it did not cite any medical evidence to support this statement. Moreover, the medical expert at the hearing was not asked to offer an opinion regarding the claimant's need for "frequent" restroom breaks. As such, it is unclear whether the RFC in the decision is supported by substantial evidence. Therefore, further evaluation of the medical opinions is necessary.

(Dkt. 6 at 433 (citations omitted)). The Appeals Council directed the ALJ on remand to, if necessary, obtain updated evidence concerning Plaintiff's impairments, further consider the persuasiveness of the medical opinion evidence, revaluate Plaintiff's maximum RFC and provide appropriate rationale, and if necessary, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations. (*Id*. at 434).

Here, the ALJ acknowledged the Appeals Council's instructions at the outset of the written determination. (*Id*. at 301). In his first decision denying benefits, the ALJ did not include a meaningful discussion of Plaintiff's limitations as they pertained to urinary frequency, nor did the RFC include any accommodations for Plaintiff's ability to use the bathroom. (*See, e.g.*, Dkt. 5 at 28 (assessing RFC for "the full range of light work," with

no additional limitations)). On remand, the ALJ discussed Plaintiff's urinary frequency in assessing the RFC, and he also assessed an RFC allowing for at least some limitation—reasonable access to the bathroom. (Dkt. 6 at 307 (discussing Plaintiff's testimony with respect to frequent urination); *id*. at 308 (discussing Plaintiff's report of urgency of urination following a prostatectomy); *id*. at 309 (discussing 2020 and 2021 urology visits)). Further, on remand, the ALJ held another hearing during which he received additional evidence from Plaintiff and the vocational expert. (*Id*. at 322-59). Under the circumstances, the Court cannot say that the ALJ disregarded the remand order of the Appeals Council, and the record belies any such conclusion.

However, it is less clear to the Court how the ALJ's assessment that Plaintiff requires "reasonable access" to a bathroom is consistent with Dr. Dave's assessment that Plaintiff requires "frequent" bathroom breaks. Dr. Dave conducted a consultative examination of Plaintiff on May 9, 2019. (*Id*. at 309-10; *see also* Dkt. 5 at 787-90). Dr. Dave opined that Plaintiff would "require frequent restroom breaks in intervals." (*Id*. at 790). The ALJ found that Dr. Dave's opinion with respect to frequent bathroom breaks was "persuasive," and was "supported by his examination findings and generally consistent with the treatment record," as it related to Plaintiff's urinary frequency. (Dkt. 6 at 310). As explained above, the ALJ ultimately assessed an RFC that provided "reasonable access to a bathroom." (*Id*. at 306).

The issue is whether the ALJ's assessment providing for "reasonable access" to a bathroom, accounts for Dr. Dave's opinion that Plaintiff requires "frequent restroom breaks." To that end, the SSA defines "frequent" as occurring from one to two-thirds of

the time. SSR 83-10, 1983 WL 31251, at *6; *see also Dennard v. Colvin*, No. 17-CV-6029-CJS, 2018 WL 1406732, at *4 (W.D.N.Y. Mar. 21, 2018). As to the limitation for "reasonable access" to a bathroom, the ALJ does not provide any further explanation, nor is it otherwise apparent from the written determination, as to what that limitation means, and whether it is consistent with Dr. Dave's opinion that Plaintiff requires "frequent" restroom breaks.

For example, lacking from the written determination is any explanation as to the frequency and duration of the restroom accommodations provided to Plaintiff as part of the RFC. *See, e.g., Tina M. v. Comm'r of Soc. Sec.*, No. 19-CV-1481-LJV, 2021 WL 1298492, at *6 (W.D.N.Y. Apr. 7, 2021) (remand required where the ALJ determined that the plaintiff "would need ready and easy access to a bathroom," but "failed to make specific findings as to the frequency or duration of [the plaintiff's] bathroom use," including by "address[ing] whether her bathroom breaks would fit into the standard breaks in a workday or whether the frequency with which she would need to use the restroom would require that she use the restroom more than that," and the ALJ's failure to do so "left [the court] to speculate as to how the ALJ reached such a determination"). If the Court is to engage in a meaningful review of the ALJ's decision, he must provide further explanation as to the nature of the restroom accommodations afforded to Plaintiff as part of the assessed RFC. *See Jaret B. v. Comm'r of Soc. Sec.*, No. 1:22-CV-0896-CJS, 2024 WL 1014051, at *8 (W.D.N.Y. Mar. 8, 2024) ("In sum, there is an obvious discrepancy between the RFC finding and two medical opinions which the ALJ found to be persuasive, and the Court cannot glean the ALJ's rationale from the rest of his decision."); *Hickman o/b/o M.A.H. v.*

*Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) ("The ALJ must build an accurate and logical bridge from the evidence to his conclusion to enable a meaningful review.") (quotations, citation, and alteration omitted). Although the ALJ is not required to adopt Dr. Dave's assessment for "frequent" restroom breaks verbatim, he is required to explain how the RFC accounts for that assessment, which he found to be persuasive and supported by the record.

On the other hand, to the extent the assessed limitation for bathroom breaks is not consistent with Dr. Dave's assessment, the ALJ was required to explain that inconsistency. *Jaret B.*, 2024 WL 1014051, at *7 ("Generally, an ALJ must reconcile discrepancies between his or her RFC assessment and medical source statements.") (citation omitted). The ALJ's statement that Plaintiff "pursue[s] . . . hobbies," and that his "medical records do not reflect the degree of complaint that he testified to at the hearing" (*see* Dkt. 6 at 310), does not provide sufficient clarity as to how the ALJ assessed the limitation for "reasonable access" to a bathroom, or the meaning of that limitation. The lack of explanation is problematic, including because the ALJ also discussed Plaintiff's reports of urinary frequency and urgency, that he could urinate 25 times during the day, that he reported general urgency of urination, and that he experienced leaking. (*Id*. at 307-09).

Accordingly, remand of this matter is required. On remand, the ALJ shall further explain any limitation in the RFC as it pertains to Plaintiff's bathroom breaks (such as the length and frequency of any such breaks), including how it complies with Dr. Dave's assessment that Plaintiff requires "frequent" restroom breaks.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 7) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 8) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 31, 2024
       Rochester, New York